# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN A. COPPOLA, | |
| Plaintiff, | NO. 3:08-CV-0798 |
| v. | (JUDGE CAPUTO) |
| JNESO - POCONO MEDICAL CENTER, DISTRICT COUNCIL 1, IUOE-AFL-CIO, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion for Summary Judgment of Defendants Pocono Health System and Pocono Medical Center. (Doc. 58.) Defendants move for summary judgment with respect to Plaintiff Maureen Coppola's sole remaining claim, a state law claim for wrongful discharge raised in Count III of her complaint (Doc. 1.) For the reasons stated below, the Court will grant Defendants' motion.

## BACKGROUND

### I.     Factual Background

Plaintiff was employed as a nurse by Defendant Pocono Medical Center, a subsidiary of Defendant Pocono Health Systems (Defendants are together referred to herein as "Pocono"). She was a member of a labor union that has a Collective Bargaining Agreement ("CBA") with her employer. (Defs.' Statement of Facts ¶ 8, Doc. 60; Pl.'s Counter-Statement of Facts ¶ 8, Doc. 61.) Article 5.1 of the CBA provides, in relevant part, "[t]he Hospital shall have the right to discharge, suspend, or discipline any employee for just cause." (Ex. 8, Doc.

62.)

Plaintiff was terminated by Pocono in October 2007 on grounds that she failed to carry out a doctor's orders regarding the care of a patient. (Ex. A, Doc. 60.) Union records reflect that the union concluded Pocono was "justified in terminating the employee." (*Id.*)

**II.     Procedural Background**

Plaintiff filed a four-count complaint on April 29, 2008, against the Pocono Defendants as well as her union, JNESO - Pocono Medical Center, District Council 1, IUOE-AFL-CIO. (Doc. 1.)  Count I raises a claim against Pocono for breach of the CBA.  Count II raises a claim for breach of the duty of fair representation against the union.  Count III raises a wrongful discharge claim against Pocono.  Count IV raises a claim against Pocono for violation of the Pennsylvania Whistleblower Act.

This Court dismissed Count IV of the complaint by Memorandum and Order dated August 21, 2008. (Doc. 31.) Counts I and II of the complaint were dismissed by Stipulation (Doc. 49), approved by the Court on April 16, 2009 (Doc. 50). Count III is the sole remaining claim.

Defendants filed the present motion for summary judgment with respect to Plaintiff's remaining claim on June 16, 2009. (Doc. 58.) This motion has been fully briefed and is ripe for disposition.

This Court exercised jurisdiction pursuant to 29 U.S.C. § 185 (jurisdiction over actions and proceedings by or against labor organizations) and continues to exercise jurisdiction over Plaintiff's remaining state law claim pursuant to  28 U.S.C. § 1367(a) (supplemental jurisdiction).

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Count III of Plaintiff's complaint, raising a claim for wrongful discharge, is the sole remaining Count in the suit. Plaintiff alleges that she was wrongfully discharged in violation of public policy as reflected in Pocono's Patient Rights Policy, nurse ethics rules, and 49 Pa. Code §§ 21.411, 21.413, and 21.418 (relating to the scope of registered nursing practice). (*See* Compl. Count III, Doc. 1.)

Defendants filed the present motion for summary judgment, arguing that under Pennsylvania law an employee represented by a labor union and covered by a CBA cannot maintain an action for wrongful discharge.

As this Court has previously observed, "under Pennsylvania law an employee represented by a labor union and covered by a collective bargaining agreement cannot maintain [a wrongful discharge cause of action]." *Slater v. Susquehanna County*, 613 F.

4

Supp. 2d 653, 669 (M.D. Pa. 2009) (quoting *Raczkowski v. Empire Kosher Poultry, Inc.*, No. 04-cv-0312, 2005 U.S. Dist. LEXIS 45853, at *6 (M.D. Pa. May 27, 2005), *aff'd*, 185 Fed. App'x 117 (3d Cir. 2006)) (internal quotation marks omitted); *see also Harper v. Am. Red Cross Blood Servs.*, 153 F. Supp. 2d 719, 721 (E.D. Pa. 2001) ("Union-represented employees under a collective bargaining agreement cannot maintain a tort action for wrongful discharge when the terms of the collective agreement would otherwise protect the employee from discharge without proper cause."). While a wrongful discharge cause of action exists under certain circumstances for non-contractual employees, Pennsylvania courts have not extended the tort to union employees covered by a CBA. *Harper*, 153 F. Supp. 2d at 271.

Pennsylvania appellate courts have been clear on this point. In *Phillips v. Babcock & Wilcox*, 503 A.2d 36 (Pa. Super. Ct. 1986), the Pennsylvania Superior Court expressly rejected the argument that a claim for wrongful discharge in violation of public policy extended to contractual employees. There, plaintiff union member was laid off as part of a general economic layoff. *Id*. at 36. While laid off, he filed a claim for worker's compensation due to a work-related injury. *Id.* When employees were called back, plaintiff was not reinstated. *Id.* He filed a grievance according to the terms of the CBA. *Id.* During the pendency of arbitration regarding his grievance, plaintiff filed a civil action for wrongful discharge, alleging that he was discharged in retaliation for filing a worker's compensation claim. *Id.* He argued that because his retaliatory discharge contravened public policy he should be able to maintain a cause of action for wrongful discharge even though he was not an at-will employee. *Id*. at 36-37.

5

The Superior Court disagreed. *Id*. at 37. The court reasoned that, in Pennsylvania, the wrongful discharge cause of action is "a very narrow exception" to the doctrine of at-will employment. *Id.* While an at-will employee may maintain a wrongful discharge action where "a clear mandate of public policy has been violated by the termination[,]" the court declined to extend the cause of action to union members covered by a CBA. *Id.* The court rejected plaintiff's argument that the intent behind the development of the cause of action was to uphold public policy, stating "the wrongful discharge cause of action was never intended to provide a forum to vindicate public policy and punish those who deviate from it." *Id*. Rather, its purpose is to provide a remedy for at-will employees with no other recourse against wrongful discharge. *Id.* A union employee, by contrast, is protected where the CBA provides that she may be discharged only "for cause." *Id.*

Based on the above-cited cases, it is clear that Plaintiff is not entitled to raise a wrongful discharge claim. It is undisputed that while employed by Pocono, Plaintiff was a member of a union that has a CBA with the employer providing for discharge only "for just cause." Thus, under Pennsylvania law, she is not within the category of employees that may pursue the cause of action.[1]

---

[1] At oral argument, Plaintiff's counsel raised this Court's August 21, 2008 Memorandum and Order denying Defendants' motion to dismiss Count III as evidence that a cause of action exists in Pennsylvania for wrongful discharge in the circumstances of this case. However, the Court there rejected Defendants' argument that Plaintiff failed to state a claim because she did not allege a cognizable public policy violation, an essential element of a wrongful discharge claim in Pennsylvania. *See McLaughlin v. Gastrointestinal Specialists, Inc*., 750 A.2d 283, 287 (Pa. 2000) (exception to the at-will doctrine "have been recognized in only ... where discharges of at-will employees would threaten clear mandates of public policy"). The Court denied Defendants' motion to dismiss on those

Plaintiff argues the above-cited cases fail to consider the U.S. Supreme Court's decision in *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399 (1988), or its progeny. She argues these cases stand for the proposition that an action for wrongful discharge in violation of public policy may be maintained by an employee covered by a CBA if the claim does not require interpretation of the CBA. *Lingle* and its progeny, however, are not relevant to the question whether a wrongful discharge claim exists under Pennsylvania law for a union employee covered by a CBA.

In *Lingle*, plaintiff former employee was a union member. *Id*. at 401. Her union filed a grievance pursuant to its CBA, arguing that plaintiff was discharged without cause after requesting worker's compensation. *Id.* at 401. At the same time, plaintiff brought a civil action for retaliatory discharge under Illinois law, which was dismissed by the lower courts as preempted by § 301(a) of the Labor Management Relations Act of 1947. *Id.* at 402. The Supreme Court reversed, holding the claim was not preempted because it was independent of the CBA and its resolution did not depend on a construction of the agreement. *Id.* at 412-13.

The opening paragraph of the *Lingle* opinion makes clear why it is inapposite to the case at bar:

> In Illinois an employee who is discharged for filing a worker's compensation claim may recover compensatory and punitive damages from her employer. The question presented in this case is whether an employee covered by a collective-bargaining agreement that provides her with a contractual remedy for discharge without just cause *may enforce her state-law remedy* for

---

grounds. That opinion did not address the issue raised here, namely, whether a contractual employee covered by a CBA may raise a wrongful discharge claim in the first instance.

7

> retaliatory discharge. The Court of Appeals held that the *application of the state tort remedy* was pre-empted by § 301 of the Labor Management Relations Act.... We disagree.

*Id.* at 401 (emphasis added). To reach the question whether plaintiff's claim was preempted by federal law, an enforceable state law cause of action had to exist in the first instance. As the *Lingle* court noted, Illinois state courts recognize the tort of retaliatory discharge, *id*. at 406 (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978)), and have held that it is applicable to employees covered by union contracts, *id.* (citing *Midgett v. Sackett-Chicago, Inc.*, 473 N.E.2d 1280 (Ill. 1984), *cert. denied*, 474 U.S. 909 (1985)). By contrast, the case at bar presents no enforceable state law remedy because, as discussed above, Pennsylvania courts have specifically declined to apply a wrongful discharge cause of actions to contractual employees. *Lingle* speaks to whether an existing state law remedy is preempted by federal law; it is not relevant to determine whether Plaintiff presents a valid state law claim. The *Lingle* progeny cited in Plaintiff's brief suffers the same fault.

Plaintiff next argues that other courts have recognized a cause of action for wrongful discharge by a union employee. She cites state court decisions from numerous other jurisdictions. While there is certainly a split among state courts over whether a wrongful discharge action is available to non-at-will employees, *see Byrd v. VOCA Corp.*, 962 A.2d 927, 933 (D.C. 2008) (citing cases), Pennsylvania courts are among those refusing to recognize such a claim, s*ee, e.g., Phillips*, 503 A.2d 36. As the District of Columbia Court of Appeals has observed,

> Some courts have held that a claim for wrongful discharge in violation of public policy is available to non-at-will employees, while others have held the contrary. Generally, courts that limit wrongful discharge actions in violation of

8

> public policy to at-will employees reason that the employee has a contract remedy, making unnecessary the expansion of the tort to employees who have the protections afforded by a collective bargaining agreement ... Courts holding that such an action is available to any employee reason that the cause of action is distinct from the contract, arises out of the employer's duty to conduct its affairs in compliance with public policy, and embodies a strong state interest in protecting against violations of public policy.

*Byrd*, 962 A.2d at 933 (internal citations and quotation marks omitted). The *Phillips* court falls into the former category and explicitly rejects the reasoning of the latter category of courts. 503 A.2d at 37.

Because Pennsylvania law precludes a wrongful discharge claim by a union employee covered by a CBA requiring a discharge to be "for cause," Plaintiff is precluded from raising such claim. Summary judgment should be granted in favor of Defendants as to Count III.

## CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Summary Judgment of Defendants Pocono Health System and Pocono Medical Center. (Doc. 58.) An appropriate Order follows.

| | |
|---|---|
| August 25, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN A. COPPOLA, | |
| Plaintiff, | NO. 3:08-CV-0798 |
| v. | (JUDGE CAPUTO) |
| JNESO - POCONO MEDICAL CENTER, DISTRICT COUNCIL 1, IUOE-AFL-CIO, et al., | |
| Defendants. | |

## ORDER

**NOW**, this  25th  day of August, 2009, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Defendants Pocono Health System and Pocono Medical Center (Doc. 58) is **GRANTED**. The Clerk of Court shall mark this case as closed.

                                                          /s/ A. Richard Caputo  
                                                          A. Richard Caputo  
                                                          United States District Judge